IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> JJ DILLON #17331, KC MCDONALD #17591, MJ DIVITTORIO #462, and the CITY OF CHICAGO, <br><br> Defendants. | FILED: JULY 19, 2008 <br> 08 cv 4104 <br> No.   JUDGE GUZMAN <br> MAGISTRATE JUDGE MASON <br> JH |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit JJ DILLON #17331, KC MCDONALD #17591, MJ DIVITTORIO #462, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.   PLAINTIFF is a resident of the State of Illinois and of the United States.

3.   The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

5. On or about November 13, 2007, at approximately 6:00 p.m., at or near 7856 S. Racine Ave, Chicago, IL 60620, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. The DEFENDANT OFFICERS, arrested and charged the PLAINTIFF with Unlawful Use of a Weapon, not withstanding the fact that on November 13, 2007 the PLAINTIFF was not engaged in the Unlawful Use of a Weapon. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about November 13, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

8. On November 13, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

9. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

10. On or about November 13, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

## CONSPIRACY

11. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF; and

    c. generating false documentation to cover-up for their own and each other's misconduct.

12. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 13, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

**EQUAL PROTECTION**

13.     The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

14.     With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that did not have false evidence and/or documentation created against them.

SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE
*(ALTERNATIVE PLEADING)*

15.     The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

16.     On at least 20 occasions prior to November 13, 2007 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

17.     On at least 20 occasions prior to November 13, 2007 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

18.     The DEFENDANT OFFICERS, each of them, have been trained, prior to November 13, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal

action will commence against the party against whom the allegations are submitted in the criminal complaint.

19.     JJ DILLON #17331, on at least 20 occasions prior to and/or after November 13, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

20.     JJ DILLON #17331, on at least 20 occasions prior to and/or after November 13, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

21.     On November 13, 2007 there was no reasonable reason for JJ DILLON #17331 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

22.     KC MCDONALD #17591, on at least 20 occasions prior to and/or after November 13, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

23.     KC MCDONALD #17591, on at least 20 occasions prior to and/or after November 13, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

24.     On November 13, 2007 there was no reasonable reason for KC MCDONALD #17591 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

25.     MJ DIVITTORIO #462, on at least 20 occasions prior to and/or after November 13, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

26.   MJ DIVITTORIO #462, on at least 20 occasions prior to and/or after November 13, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

27.   On November 13, 2007 there was no reasonable reason for MJ DIVITTORIO #462 to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

## COUNT I
### §1983 False Arrest

28.   PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

29.   The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

30.   The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest –State Claim

31.   PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

32.   The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

6

33. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### Malicious Prosecution - State Claim

34. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

35. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

36. The DEFENDANT OFFICERS engaged in this effort without probable cause.

37. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

38. The underlying criminal charges were resolved in a manner indicative of innocence.

39. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### § 1983 Conspiracy Claim

40. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

41.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia,* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Conspiracy Claim – State Law

42.     PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

43.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Equal Protection – Class of One

44.     PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

45.     The actions of DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

46.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

47. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

48. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

49. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this Complaint.

## COUNT VIII
### Supplementary Claim for *Respondeat Superior*

50. PLAINTIFF re-alleges paragraphs 1 – 27 as though fully set forth herein.

51. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

52. Plaintiff demands trial by jury.

> Respectfully submitted,
>
> s/ Blake Horwitz_____
> Attorney for the Plaintiff
> Blake Horwitz

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076